EOBEET L. BLAND, Judge.
This proceeding was submitted to the court of claims for determination upon a record made by the state road commission in pursuance of section 17 of the acts of the Legislature creating the court of claims. The claim involved is in the sum of $150.00. The head of the agency concurred in the claim and an assistant attorney general has approved the said claim as one that in view of the purposes of the court of claims statute should be paid. The determination must necessarily therefore be made upon the basis of the record thereof submitted to the court as aforesaid. It is made the duty of the attorney general by the court act to represent the interest of the state in respect to all claims filed. This court must conclude that neither the attorney general himself nor one of his assistants would approve a claim asserted against the state without having carefully examined such claim and making himself fully familiar with the facts out of which it grew and with the knowledge that it is a claim for which the Legislature may lawfully make an appropriation of the public revenues.
The facts in this case are substantially as follows. Employes of the state road commission were, on the 28th day of March, *5 1950, engaged in blasting on secondary route No. 52/2 in Mercer county, West Virginia. Naturally, in performing work of this character precautionary measures should be employed to prevent the possibility of accidents to persons lawfully using the public highways of the state and their property. In the instant case no flagman was present to warn persons traveling on the highway that blasting operations were in progress. This fact alone would indicate a dereliction of duty on the part of the road commission, and seemingly establish its negligence in the performance of the work in which its employes were engaged. The claimant had no knowledge of the work that was being done upon the road and so far as it can be discerned from the record was guilty of no negligence himself. However, as a result of the negligence of respondent certain debris emanating from the blasting struck claimant’s car causing damage thereto in the amount of $150.00.
Under all the circumstances and upon the clear showing of respondent’s negligence, we are of opinion to approve the claim.
An award is therefore made in favor of the claimant Woodrow Tabor in the sum of one hundred and fifty dollars ($150.00).